**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| v. | ) I.D. No. 1608020446 |
| | ) |
| LOREN L. ADAMS, | ) |
| | ) |
| Defendant. | ) |

Date Submitted: May 1, 2020
Date Decided: May 29, 2020

**ORDER**

Upon consideration of Defendant's Motion for Sentence Modification ("Motion"), Superior Court Criminal Rule 35, statutory and decisional law, and the record in this case, **IT APPEARS THAT:**

1.      On February 6, 2017, Defendant Loren Adams pled guilty to Possession of a Firearm by a Person Prohibited ("PFBPP") and Carrying a Concealed Deadly Weapon ("CCDW"). [1]   Defendant was immediately sentenced as follows: for PFBPP, IN16-09-0105, 15 years at Level V, suspended after the 5-year minimum mandatory term, for 2 years at Level IV (DOC Discretion), suspended after 6 months for 18 months at supervision Level III; and for CCDW, IN16-09-0106, 8 years at Level V, suspended for 1 year at Level III. [2]

---

[1] D.I. 8.
[2] D.I. 10.

2. On May 1, 2020, Defendant filed the instant Motion, asking the Court to run the last 180 days of his Level V sentence concurrent with his Level IV sentence.[3] In support of this request, Defendant cites: (1) his completion of the Key North Correctional Recovery Program; (2) his General Educational Development (GED) certificate; (3) his need to support his family upon release; and (4) his potential exposure to COVID-19.[4]

3. Superior Court Criminal Rule 35 governs motions for modification of sentence. "Under Rule 35(b), a motion for sentence modification must be filed within ninety days of sentencing, absent a showing of 'extraordinary circumstances.'"[5] The Court will not consider repetitive requests for reduction or modification of sentence.[6]

4. This is Defendant's second request to modify his sentence under Rule 35(b), and therefore, this Motion is barred as repetitive.[7]

5. In addition, this Motion was filed well beyond 90 days from the imposition of Defendant's sentences, and it is therefore time-barred under Rule

[3] D.I. 16.
[4] *Id.*
[5] *Croll v. State*, 2020 WL 1909193, at *1 (Del. Apr. 17, 2020) (TABLE) (affirming the Superior Court's denial of a motion for modification of sentence where the motion was repetitive and filed beyond the 90-day limit); *see Hewett v. State*, 2014 WL 5020251, at *1 (Del. Oct. 7, 2014) ("When a motion for reduction of sentence is filed within ninety days of sentencing, the Superior Court has broad discretion to decide whether to alter its judgment.").
[6] Super. Ct. Crim. R. 35(b).
[7] *See* D.I. 14, 16.

35(b).

6.     The Court will consider an application made more than 90 days after the imposition of sentence only in "extraordinary circumstances," or pursuant to 11 *Del. C.* § 4217.   Delaware law places a heavy burden on the moving party to establish extraordinary circumstances in order to "uphold the finality of sentences."[8] "Extraordinary circumstances" excusing an untimely Rule 35(b) motion are circumstances that "specifically justify the delay, are entirely beyond a petitioner's control, and have prevented the applicant from seeking the remedy on a timely basis."[9]   Mitigating factors that could have been presented at sentence, exemplary conduct, or successful rehabilitation while incarcerated does not constitute "extraordinary circumstances."[10]

7.     Although Defendant's rehabilitation efforts are commendable, the Court does not find that Defendant has set forth facts establishing "extraordinary circumstances."

8.   The sentences are appropriate for all the reasons stated at the time of sentencing.   No additional information has been provided to the Court that would warrant a reduction or modification of Defendant's sentences.

---

[8] *State v. Diaz*, 2015 WL 1741768, at *2 (Del. Apr. 15, 2015).
[9] *State v. Culp*, 152 A.3d 141, 145 (Del. 2016) (internal quotations omitted) (quoting *Diaz*, 2015 WL 1741768, at *2).
[10] *See id.* at 145–46 (recognizing that participation in educational and rehabilitative prison programs is commendable, but does not by itself constitute "extraordinary circumstances" for purposes of Rule 35(b)).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's

Motion for Sentence Modification of Sentence is **DENIED.**

*Jan R. Jurden*

—————————————————————

Jan R. Jurden, President Judge

Original to Prothonotary:
cc:    Loren L. Adams (SBI# 00516517)
        Cynthia Hurlock, DAG